FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2008 JUL 30 P 12: 13
CLERK JBurton

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 108-055 |
| | ) | |
| CHRISTOPHER DENNIS JOHNSON | ) | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the above-captioned criminal case, the government has charged Defendant Christopher Dennis Johnson with one count of Possession of a Firearm by a Convicted Felon. The matter is now before the Court on Defendant's "Amended Motion to Suppress Evidence." (Doc. no. 34). For the reasons developed below, the Court **REPORTS** and **RECOMMENDS** that the amended motion to suppress be **DENIED**.[1]

---

[1] Defendant asked for an evidentiary hearing. (Doc. no. 34, p. 2). However, as the Court explained in its May 19, 2008 Order (doc. no. 30, pp. 1-3), the decision to grant or deny a request for an evidentiary hearing on a motion to suppress is left to the Court's discretion. United States v. Cooper, 203 F.3d 1279, 1285 (11th Cir. 2000); United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984) (*per curiam*). "[A] criminal defendant has no absolute or presumptive right to insist that the district court take testimony on every motion." United States v. Lewis, 40 F.3d 1325, 1332 (1st Cir. 1994) (affirming denial of a motion for evidentiary hearing on motion to suppress) (citation omitted). A district court should grant a request for an evidentiary hearing when the moving papers, including the affidavits, are "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985) (quoting United States v. Poe, 462 F.2d 195, 197 (5th Cir. 1972)).

As discussed in detail herein, the exhibit and affidavit filed in support of the amended motion to suppress do not satisfy Defendant's burden of coming forward with allegations that are sufficiently definite, specific, detailed, and nonconjectural to cause the Court to conclude that a substantial claim exists. Thus, the Court finds no reasons to hold an evidentiary hearing.

## I. FACTS

At approximately 6:50 p.m. on January 11, 2008, Deputy David Perkins ("Deputy Perkins") with the Richmond County Sheriff's Office effectuated a traffic stop of Defendant's 1989 Chevrolet Corsica because of an inoperable left headlight. (Doc. no. 35, p. 2 & Ex. B, Def.'s Aff.). As Deputy Perkins asked for Defendant's license, he observed a brillo pad hanging from Defendant's back pocket. (Doc. no. 35, p. 2 & Ex. A, Incident Rpt.). Deputy Perkins also smelled alcohol emanating from Defendant, so he asked Defendant to exit the car. (Incident Rpt., p. 1). When Deputy Perkins asked if Defendant had been drinking, Defendant admitted to having "had a couple of beers." (Id.). Deputy Perkins also asked Defendant about the brillo pad hanging from his pocket, at which point Defendant "stated that it was used to make a sil[e]ncer for a weapon." (Id.). At this, Deputy Perkins asked if there were any firearms in the car, and Defendant stated that "there should be some iin [sic] the trunk." (Id.). When Deputy Perkins asked about the presence of marijuana or cocaine in the car, Defendant denied the presence of both substances. (Id.).

After receiving the news that Defendant had been drinking alcohol and that there "should be" some weapons in the trunk, but after the denial of the presence of illegal drugs, Deputy Perkins asked Defendant for permission to search the car; Defendant declined. (Id.; Def.'s Aff.). However, "[d]ue to officer smelling a strong odor of marijuana coming from the vehicle, officer conducted a search" which uncovered two clear bags of marijuana in a Crown Royal sack in the back floorboard behind the driver's seat, as well as loaded

2

weapons.[2] (Incident Rpt., pp. 1-2). Defendant was arrested and taken to the Richmond County Jail.

## II. DISCUSSION

### A. Validity of Initial Stop

Defendant "does not contest the legality of the initial traffic stop for driving a vehicle with an inoperable headlight."[3] (Doc. no. 35, p. 3). Such a concession is indeed warranted as, under Terry v. Ohio, 392 U.S. 1 (1968), the police may briefly stop and detain persons in order to investigate a reasonable suspicion that those persons are involved in criminal activity, even in the absence of probable cause to believe that a crime has been committed. United States v. Tapia, 912 F.2d 1367, 1370 (11th Cir. 1990). The Terry standard has been applied with equal force to traffic stops. Id. Reasonable suspicion is determined from the totality of the circumstances, United States v. Sokolow, 490 U.S. 1, 8 (1989), and requires that the officer point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the investigative stop. Terry, 392 U.S. at 21; see also United States v. Pruitt, 174 F.3d 1215, 1219 (11th Cir. 1999). Although the

---

[2]Defendant's affidavit does not say anything about the presence or absence of the smell of marijuana during the traffic stop (see Def.'s Aff.), and thus Deputy Perkins's report of the smell of marijuana coming from the car stands unrefuted.

[3]Georgia statutes require every motor vehicle to be equipped with at least two headlights, and those headlights are required to be maintained in proper working condition. O.C.G.A. § 40-8-22(a), (d). The headlights are required to be on, among other times, from a half-hour after sunset to a half-hour before sunrise. Id. § 40-8-20. Thus, at the time of the traffic stop, approximately 6:50 p.m. on a mid-winter's evening, Deputy Perkins's observation of only one operable headlight on Defendant's vehicle justified a traffic stop.

3

"reasonable suspicion" required for a Terry stop is less stringent than the requirement for probable cause, United States v. Mikell, 102 F.3d 470, 475 (11th Cir. 1996), "reasonable suspicion" does require that an officer have more than a "hunch" that criminal conduct is afoot based on unparticularized facts. The officer must be able to articulate some minimal, objective justification for the investigatory detention. United States v. Williams, 876 F.2d 1521, 1524 (11th Cir. 1989).

Here, in light of Georgia's statutory requirement for two operable headlights and Defendant's concession of the validity of the initial traffic stop, there is no question that Deputy Perkins had not only a reasonable suspicion, but also probable cause, to stop Defendant's car. Thus, the Court next turns to the crux of Defendant's argument for suppression: once the car was validly stopped, Deputy Perkins impermissibly searched the car.

### B. Allegation of Pretextual Search of Defendant's Car

Defendant's argument that Deputy Perkins should not have searched the car after Defendant denied him permission to do so boils down to the allegation that Deputy Perkins fabricated the statement in his report that he smelled a strong odor of marijuana coming from the car as a pretext to search.[4] As Defendant puts it, "It is utterly unbelievable that the 'strong odor' of marijuana could be detected when the vehicle smelled of alcohol coming from the Defendant's person (Exhibit 'A' p.1) and the marijuana was wrapped up in plastic

---

[4]Defense counsel's arguments concerning withholding consent, whether the search was conducted incident to arrest, and the significance of the brillo pad in Defendant's pocket and the smell of alcohol resulting from Defendant's admitted consumption of "a couple of beers" are but red herrings because, as discussed below, once Deputy Perkins smelled the odor of marijuana, he had probable cause to search Defendant's vehicle.

4

bags, inside a Crown Royal bag, in the back seat of the car." (Doc. no. 35, p. 8). The problem with this argument is that there is <u>no evidence</u> in the record to contradict the report from Deputy Perkins. Defendant's affidavit says <u>nothing</u> about marijuana, let alone about the presence or absence of the smell of marijuana. (Def.'s Aff.). As the government correctly points out, "Courts have uniformly recognized that an officer's detection of the odor of marijuana may provide probable cause for an officer to search a vehicle without first securing a warrant."[5] (Doc. no. 29, p. 6). Thus, once Deputy Perkins smelled the odor of marijuana coming from Defendant's car, he had probable cause to search the car, regardless of whether Defendant chose to withhold his consent to search. Although defense counsel tried to challenge the information in Deputy Perkins's report, the fact remains that Defendant did not provide an affidavit or any other evidence to dispute that Deputy Perkins detected an odor of marijuana emanating from Defendant's car. Not only is there nothing to contradict Deputy Perkins's report, the fact remains that 21 grams of marijuana were discovered in Defendant's car.

In sum, Defendant has not established that the search of his car was pretextual. The initial traffic stop was valid. The odor of marijuana provided probable cause to search the car, regardless of Defendant's decision to withhold his consent to allow his car to be

---

[5]Indeed, the law is long-settled in this circuit that an officer's detection of the odor of marijuana provides probable cause to search. <u>United States v. Rivera</u>, 595 F.2d 1095, 1099 (5th Cir. 1979) (citing <u>United States v. Ogden</u>, 572 F.2d 501, 502 (5th Cir. 1978)); <u>United States v. Garza</u>, 539 F.2d 381, 382 (5th Cir. 1976) (*per curiam*) ("the odor of marijuana emanating from the vehicle gave the officer probable cause to conduct [a] search" at a permanent immigration checkpoint). Of course, under <u>Bonner v. City of Prichard</u>, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

searched. There is no basis for holding an evidentiary hearing, let alone for recommending suppression of evidence discovered as a result of the search of Defendant's car on January 11, 2008.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Defendant's amended motion to suppress be **DENIED**.

SO REPORTED and RECOMMENDED this 30th day of July, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE